**In re J. LEVITT, INC., Debtor.**

**J. LEVITT, INC., Plaintiff,**

**v.**

**Seymour GRAY, Individually and t/a American Heating and Cooling, Defendant.**

**Bankruptcy No. 81–05345G.**

**Adv. No. 82–0952G.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 3, 1984.

Geoffrey L. Steiert, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtor/plaintiff, J. Levitt, Inc.

John Curtis Van Sciver, Cornwells Heights, Pa., for defendant, Seymour Gray, Individually and t/a American Heating and Cooling.

Robert A. Kargen, and Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for the Creditors' Committee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question in the controversy at bench is whether the defendant is indebted to the

---

**54**

debtor for credit purchases made by persons who identified themselves as the defendant's employees. For the reasons expressed below we find that the defendant is obligated on said credit purchases.

The facts of this case are as follows:[1] The debtor was a supplier of plumbing supplies who, in 1977, extended a line of credit to the defendant, Seymour Gray, who was then trading under the name of his sole proprietorship, American Heating and Cooling. During the years the debtor actively conducted his business, the defendant would periodically appear at the debtor's place of business, purchase goods on credit and sign a credit invoice. On a monthly basis the debtor tallied these outstanding invoices and forwarded a bill to the defendant's place of business. Several individuals other than the defendant himself would also appear at the debtor's place of business and purchase goods under the name of American Heating and Cooling. These persons, who identified themselves as the defendant's employees, were likewise required to sign invoices which ultimately generated bills that were sent to the defendant's business. The defendant has paid for all goods which were purchased on invoices signed by him and, for a period of several years, the defendant also paid without protest the indebtedness which had accrued under invoices signed by the other individuals. However, before the debtor filed its petition for reorganization, the defendant failed to pay these latter invoices. These unpaid invoices, together with the monthly service charges thereon, total $60,781.61.

The proceeding at bench was brought by reason of the defendant's failure to pay for the goods bought under the name of American Heating and Cooling for which individuals other than the defendant signed.[2] The defendant's sole basis for denying liability on the debt is that the individuals who signed the invoices were not his employees or agents. But the only testimony supporting the defendant's position is his own, which is barren of credibility and fraught with contradiction. Based on the preponderance of evidence standard we find that the debtor proved these individuals were agents or employees of the defendant. Accordingly, we will enter judgment in favor of the debtor.

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Although the action was brought against numerous defendants, only the cause of action against Seymour Gray and American Heating and Cooling is outstanding.